UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLEAN DATES,
    Plaintiff/Appellant

    v.

HSBC BANK USA, N.A.,
 et al.,
    Defendants/Appellees.

Case No. 1:17-cv-535
Cole, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's appeal of two orders denying reconsideration originating from the Bankruptcy Court for the Southern District of Ohio (bankruptcy court) in an adversary proceeding. (No. 16-ap-1052, Docs. 84, 85). Federal district courts have jurisdiction over appeals from the final orders of bankruptcy courts. 28 U.S.C. § 158(a). Plaintiff included with her notice of appeal a statement of election requesting that the district court hear the appeal pursuant to 28 U.S.C. § 158(c)(1)(A) and Fed. R. Bankr. P. 8005(a). (Doc. 1 at PAGEID#: 11). For the reasons that follow, the Magistrate Judge recommends that the district court dismiss the appeal.

For a more detailed recitation of the background related to plaintiff/appellant's bankruptcy and related adversary proceedings, the Court refers to its Reports and Recommendations recommending the dismissal of two related appeals. (*See* No. 19-cv-445 (Doc. 13) and No. 19-cv-446 (Doc. 17)). Briefly, however, appellant has repeatedly used bankruptcy proceedings to collaterally attack a foreclosure judgment entered in the Hamilton County, Ohio Court of Common Pleas. In one such attack, the bankruptcy court granted the Law Offices of John D. Clunk Co., LPA[1] (Clunk Co.)'s motion for judgment on the pleadings,

---

[1] Clunk Co. had represented the foreclosure plaintiff in the state court action.

holding that the res judicata effect of the state court foreclosure judgment barred the claims against it. (*See* No. 16-ap-1052, Docs. 73, 75). The bankruptcy court denied what it construed as a motion to reconsider that decision. (*See id.*, Docs. 79, 84). In the same adversary proceeding, the bankruptcy court dismissed the adversary complaint as to Manley Deas Kochalski LLC (Manley Deas)² on its own motion, following its prior order warning plaintiff/appellant that service of her amended complaint was defective. (*See id.*, Docs. 38, 74). The bankruptcy court also denied what it construed as a motion to reconsider that decision. (*See id.*, Docs. 81, 85). In this appeal, appellant challenges the orders denying these motions to reconsider. (*See id.*, Docs. 84, 85).

Appellant repeatedly sought wavier of the appeal fee from the bankruptcy court (*see* Docs. 89, 103, 114), and the bankruptcy court denied each request (*see* Docs. 93, 110, 115). Before this Court, appellant has neither paid the applicable filing fee nor sought leave to proceed *in forma pauperis*. The Court will not enter a deficiency order in this regard, however, because even if appellant paid the filing fee or was granted *in forma pauperis* status, her case would be subject to dismissal. Under the *in forma pauperis* statute, the Court "shall dismiss the case" if the appeal "is frivolous . . . ." 28 U.S.C. § 1915(e)(2). The Court's review of the record in No. 16-ap-1052, combined with the conclusions of its Reports and Recommendations in Nos. 19-cv-445 and 19-cv-446 referenced above, leave it convinced that there is no objectively "arguable basis either in law or in fact" to reconsider these decisions of the bankruptcy court. *White v. White*, 839 F. Supp. 2d 932, 934 (S.D. Ohio 2011). Appellant's motion to reconsider the bankruptcy court's order as to Clunk Co. exhibits a misunderstanding of the standard of review applied to a motion for judgment on the pleadings and otherwise reiterates losing arguments.

---

² Neither the complaint nor the record in No. 16-ap-1052 make clear why Manley Deas was made a party to the action.

(*See* Doc. 79).  Appellant's motion to reconsider the bankruptcy court's order as to Manley Deas makes no argument at all.  (*See* Doc. 81).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This appeal be dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2).

Date:  7/2/2020

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARLEAN DATES,<br>    Plaintiff/Appellant<br><br>    v.<br><br>HSBC BANK USA, N.A.,<br>et al.,<br>    Defendants/Appellees. | Case No. 1:17-cv-535<br>Cole, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).