UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLEAN DATES

    Plaintiff/Appellant,

  v.

HSBC BANK USA, N.A. et al.,

    Defendants/Appellees.

Case No. 1:17-cv-535
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Objection of Plaintiff Carlean Dates ("Dates") (Doc. 8) to the Magistrate Judge's July 2, 2020 Report and Recommendation ("R&R") (Doc. 7). That R&R, in turn, is reviewing an appeal from two bankruptcy court orders entered on July 26, 2017 (the "Bankruptcy Orders") in adversary proceeding No. 1:16-ap-1052 in Bankruptcy Case No. 1:16-bk-12410. In the first of the Bankruptcy Orders, the bankruptcy court denied reconsideration of its order granting judgment on the pleadings to one defendant in the adversary proceeding— the Law Offices of John D. Clunk Co. LPA ("Clunk Co."). In the second, the bankruptcy court denied a motion to reconsider its order dismissing another defendant—Manley Deas Kochalski LLC ("MDK")—for Dates' failure to serve the Amended Complaint on that party. In the R&R, the Magistrate Judge recommends that, as Dates has failed to pay the filing fee, the Court should essentially treat her appeal as an in forma pauperis filing, and dismiss the appeal of the bankruptcy orders as frivolous under 28 U.S.C. § 1915(e)(2). As explained below, this Court agrees.

The instant case is related to Case Nos. 1:19-cv-445 and 1:19-cv-446. They are all part of a web of bankruptcy proceedings that Dates initiated in an effort to prevent foreclosure on her house. The two case numbers referenced above relate to an adversary proceeding in bankruptcy case 1:18-bk-14602, while the current matter involves an adversary proceeding in bankruptcy case 1:16-bk-12410, but that is largely a distinction without a difference. The cast of characters and the role each played was largely the same in each of the four bankruptcy cases that Dates filed seriatim. And the end result in each also arose from the same principle—a party cannot use bankruptcy proceedings to mount a collateral attack on a state foreclosure judgment.

Given the overlap among the various related cases, and in the interests of brevity, the Court incorporates the discussion of: (1) the underlying background of the matter; and (2) the standard that this Court uses to review the R&R, as set forth in this Court's Order of December 10, 2020, in Case No. 1:19-cv-445, which applies equally, at least as a general matter, to the instant case. Indeed, lest there be any confusion about the extent of the overlap, the Court notes that Dates' "objection" to the R&R at issue here is word-for-word identical to the "objections" that Dates filed in those other two cases (i.e., 1:19-cv-445 and 1:19-cv-446).

The Court puts "objections" in quotes here for the same reasons the Court did so in its decisions on those two matters—Dates' filing barely qualifies as an objection, even under the liberal standards that apply to pro se proceedings. The title of the filing provides some flavor in that regard:

>Affirm Response Objection To Magistrate's Report and Recommendations; Conflict of Variance of Law; Withdrawal of signature from General deposit and Redeposit signature under special deposit, Notice to bring forth contract and consent to Rules of Civil Procedure, Notice of Request for Documents, Proof of Claim, Letter of Rogatory, Notice to Show Cause Of Authority to File Pleading(s) or Documents for HSBC Bank USA NA as Trustee for the Certificate Holder of ACE Securities Corp. Home Equity Loan Trust, Series 2006-FM2 Asset-Back Pass-Through Certificate and Select Portfolio Servicing Inc

(Doc. 8).

Entirely missing from the title, or from the body of Dates' objections, is any reference to 28 U.S.C. § 1915(e)(2), the statute upon which the R&R relied in rejecting Dates' appeal as frivolous. In her challenge to the R&R, Dates does not address whether the Magistrate Judge was correct to assess her filing in this case (as to which she has not paid a filing fee) under the in forma pauperis standard. Dates likewise does not discuss the standard for frivolousness under that statute. Nor does Dates make any attempt to show why her appeal of the bankruptcy court orders denying her motions for reconsideration here qualify as non-frivolous under that (non-discussed) standard. In fact, she mounts no specific objection to *anything* in the R&R at issue in this case. At most, her "objection" here relates only to the *other R&Rs*—those in 1:19-cv-445 and 1:19-cv-446, for which she used the identical "objection."

This Court rejected her "objections" in those two other cases for the reasons discussed in the Court's Orders in those matters. But the "objection" fails here for an even more straightforward reason. Federal Rule of Civil Procedure 72 requires objections to be "specific," and only obligates the District Court to conduct a de novo review of the "part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(2)–(3). An objection which is not "clear enough

3

to enable the district court to discern those issues that are dispositive and contentious," is insufficient to trigger the need for an exhaustive de novo review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

That well-settled standard precludes relief for Dates on her "objection" here. She has neither identified what portion of the R&R here she believes is objectionable, nor, as noted above, mounted any substantive argument attempting to counter the Magistrate Judge's finding that her appeals were frivolous. Absent any specific challenge in her objection here, the Court declines to undertake a de novo review of the R&R.

That being said, having reviewed the R&R, the Court observes that no errors are immediately apparent. For the reasons this Court set forth in its December 10, 2020 Order in Case No. 1:19-cv-445, the Court agrees that Dates' claim against Clunk Co. here (which is the same claim Dates asserted against Clunk Co. in the bankruptcy proceeding at issue there) is legally defective on res judicata grounds. The bankruptcy court thus did not err in denying Dates' request for reconsideration of the order imposing that result in this bankruptcy proceeding, and the R&R did not err in finding her appeal of that ruling was frivolous.

As for MDK, the R&R correctly found that Dates did not give the bankruptcy court any good reason to reevaluate its order. In her motion for reconsideration of the bankruptcy court order dismissing her claim for lack of service, Dates argued that she had served MDK, but did not provide any evidence to support that assertion. (*See* Doc. 81, Case 1:16-ap-1052). As Dates failed to provide support for her arguments as

4

to why the bankruptcy court's order was in error, the bankruptcy court correctly denied the motion for reconsideration, and the R&R correctly affirmed that denial.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Dates' Objection (Doc. 8), and **ADOPTS** the R&R (Doc. 7). The Court further **ORDERS** the Clerk to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

February 18, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**